UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-8023-DSF (KK) | Date: | October 31, 2016 |
| Title: | *James H. Garcia v. Debbie Asoncion* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order To Show Cause Why Petition Should Not Be Summarily Dismissed As Second And Successive

I.
**INTRODUCTION**

On October 18, 2016, petitioner James H. Garcia ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody under Title 28 of the United States Code section 2254 (the "Petition"). The Petition appears subject to dismissal because it is second and successive. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

Accordingly, the Court hereby issues this Order to Show Cause why the Petition should not be dismissed, and specifically orders Petitioner to respond to the Order to Show Cause in writing **no later than November 21, 2016**. The Court further directs Petitioner to review the information that follows, which provides additional explanation as to why the Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

## II.
## PROCEDURAL HISTORY

On August 7, 2006, following a jury trial in California Superior Court for the County of Los Angeles, Petitioner was convicted of second degree murder in violation of California Penal Code section 187.  ECF Docket No. ("Dkt.") 1, Pet. at 2[2]; see also Garcia v. Uribe, No. CV 09-2919-DSF (CW), 2011 WL 3664901, at *1 (C.D. Cal. July 19, 2011).[3]  The jury also found Petitioner personally used a deadly or dangerous weapon (a knife) in the commission of the offense in violation of California Penal Code section 12022(b)(1).  Id.  On January 16, 2007, Petitioner was sentenced to a term of thirty-six years to life in state prison.  Id.

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment in an unpublished decision on February 22, 2008.  Garcia, 2011 WL 3664901, at *1.  Petitioner filed a Petition for Review in the California Supreme Court, which was summarily denied on April 30, 2008.  Id.

On November 19, 2008, Petitioner filed a habeas petition in Los Angeles Superior Court, which was denied in a reasoned order on February 5, 2009.  Id.  On February 17, 2009, Petitioner filed a habeas petition in the California Supreme Court, which was denied without comment or citation to authority on July 15, 2009.  Id.

On April 27, 2009, Petitioner filed a habeas petition in this Court (the "2009 Petition") challenging his 2006 conviction on the grounds of (1) false evidence; (2) improperly obtained confession; and (3) judicial bias.  Id.  On August 22, 2011, the Court denied the 2009 Petition on the merits and dismissed the action with prejudice.  Garcia v. Uribe, No. CV 09-2919-DSF (CW), 2011 WL 3667761, at *1 (C.D. Cal. Aug. 22, 2011).

On June 15, 2015, Petitioner filed a habeas petition with the California Court of Appeal, case number B264769, on the grounds of (1) ineffective assistance of counsel; and (2) "vindictive prosecution."  Pet. at 2-3; California Courts, Appellate Courts Case Information, Docket, (Oct. 28, 2016, 3:56 PM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2111685&doc_no=B264769.  On June 26, 2015, the California Court of Appeal denied the petition.  Id.

On July 24, 2015, Petitioner filed a habeas petition with the California Supreme Court, case number S228063, on the grounds of (1) ineffective assistance of counsel; and (2) "vindictive prosecution."  Pet. at 3; California Courts, Appellate Courts Case Information, Docket, (Oct. 28, 2016, 3:58 PM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2115547&doc_no=S228063.  On October 21, 2015, the California Supreme Court denied the petition with

---

[2] The Court refers to the pages of the Petition as if they were consecutively numbered.

[3] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts.  See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Clark, 5 Cal. 4th 750, 767-69 (1993). Id.

On October 18, 2016, Petitioner constructively filed the instant Petition challenging his 2006 conviction on the grounds of (1) ineffective assistance of counsel; and (2) "vindictive prosecution." Pet. at 5-24.

### III.
### DISCUSSION

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1). Hence, if a prior petition raised claims that were adjudicated on the merits, petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."). Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

Here, like Petitioner's 2009 Petition, the instant Petition challenges Petitioner's 2006 conviction and sentence. See Dkt. 1, Pet. The Court dismissed Petitioner's 2009 Petition on the merits. See Garcia, 2011 WL 3664901, report and recommendation adopted, 2011 WL 3667761. Consequently, the instant Petition is second or successive to the 2009 Petition. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

### IV.
### ORDER

Thus, the Court ORDERS Petitioner to respond **no later than November 21, 2016** by electing one of the following options:

1. File a written response explaining the Petition is not a second and successive petition. If Petitioner contends the Petition is not a second and successive petition, Petitioner must explain and attach any supporting documents.

2.     Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate the Petition is not a second or successive petition, or fails to respond by **November 21, 2016**, the Court will dismiss the Petition without prejudice as a second and successive petition and/or for failure to prosecute and obey court orders.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**