UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. GARCIA,<br><br>                  Petitioner,<br><br>        v.<br><br>DEBBIE ASONCION, Warden,<br><br>                  Respondent. | Case No. CV 16-8023-DSF-KK<br><br>MEMORANDUM AND ORDER SUMMARILY DENYING PETITION AND DISMISSING ACTION |

## I.

## **INTRODUCTION**

Petitioner James H. Garcia ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 2006 conviction and sentence for second degree murder. As discussed below, the Court finds the Petition is a second or successive petition and thus, summarily DENIES the Petition and DISMISSES this action without prejudice.

///

///

///

///

## II.

## **BACKGROUND**

On August 7, 2006, following a jury trial in California Superior Court for the County of Los Angeles, Petitioner was convicted of second degree murder in violation of section 187 of the California Penal Code. ECF Docket No. ("Dkt.") 1, Pet. at 2; see also Garcia v. Uribe, No. CV 09-2919-DSF (CW), 2011 WL 3664901, at *1 (C.D. Cal. July 19, 2011). The jury also found Petitioner personally used a deadly or dangerous weapon (a knife) in the commission of the offense in violation of section 12022(b)(1) of the California Penal Code. Id. On January 16, 2007, Petitioner was sentenced to a term of thirty-six years to life in state prison. Id.

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment in an unpublished decision on February 22, 2008. Garcia, 2011 WL 3664901, at *1. Petitioner filed a Petition for Review in the California Supreme Court, which was summarily denied on April 30, 2008. Id.

On November 19, 2008, Petitioner filed a habeas petition in Los Angeles Superior Court, which was denied in a reasoned order on February 5, 2009. Id. On February 17, 2009, Petitioner filed a habeas petition in the California Supreme Court, which was denied without comment or citation to authority on July 15, 2009. Id.

On April 27, 2009, Petitioner filed a habeas petition in this Court (the "2009 Petition") challenging his 2006 conviction on the grounds of (1) false evidence; (2) improperly obtained confession; and (3) judicial bias. Id. On August 22, 2011, the Court denied the 2009 Petition on the merits and dismissed the action with prejudice. Garcia v. Uribe, No. CV 09-2919-DSF (CW), 2011 WL 3667761, at *1 (C.D. Cal. Aug. 22, 2011).

On June 15, 2015, Petitioner filed a habeas petition with the California Court of Appeal, case number B264769, on the grounds of (1) ineffective assistance of counsel; and (2) "vindictive prosecution." Pet. at 2-3; California Courts,

2

Appellate Courts Case Information, Docket, (Oct. 28, 2016, 3:56 PM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2111685&doc_no=B264769. On June 26, 2015, the California Court of Appeal denied the petition. Id.

On July 24, 2015, Petitioner filed a habeas petition with the California Supreme Court, case number S228063, on the grounds of (1) ineffective assistance of counsel; and (2) "vindictive prosecution." Pet. at 3; California Courts, Appellate Courts Case Information, Docket, (Oct. 28, 2016, 3:58 PM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2115547&doc_no=S228063. On October 21, 2015, the California Supreme Court denied the petition with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Clark, 5 Cal. 4th 750, 767-69 (1993). Id.

On October 18, 2016, Petitioner constructively filed the instant Petition challenging his 2006 conviction on the grounds of (1) ineffective assistance of counsel; and (2) "vindictive prosecution." Pet. at 5-24.

On October 31, 2016, the Court issued an Order to Show Cause why the Petition should not be summarily dismissed as a second or successive petition which has not been authorized by the Ninth Circuit. Dkt. 4. On January 13, 2017, Petitioner constructively filed a response to the Order to Show Cause in which he concedes "this is a second petition," and fails to provide authorization from the Ninth Circuit allowing such second petition. Dkt. 10.

## III.
## DISCUSSION

**THE PETITION IS SUBJECT TO DISMISSAL AS A SECOND OR SUCCESSIVE PETITION**

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1). Hence, if a prior petition raised claims that were adjudicated on the merits, petitioner must "move in the

3

1  appropriate court of appeals for an order authorizing the district court to consider
2  the [second or successive petition]." Id. § 2244(b)(3)(A); McNabb v. Yates, 576
3  F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir.
4  2016) ("As a general principle, . . . a petition will not be deemed second or
5  successive unless, at a minimum, an earlier-filed petition has been finally
6  adjudicated."). Absent proper authorization from the court of appeals, district
7  courts lack jurisdiction to consider second or successive petitions and must dismiss
8  such petitions without prejudice to refiling if the petitioner obtains the necessary
9  authorization. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed.
10 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When
11 the AEDPA is in play, the district court may not, in the absence of proper
12 authorization from the court of appeals, consider a second or successive habeas
13 application." (citation omitted)); 28 U.S.C. § 2244(b)(2).
14        Here, the instant Petition, like Petitioner's 2009 Petition, challenges
15 Petitioner's 2006 conviction and sentence. See Dkt. 1, Pet. The Court dismissed
16 Petitioner's 2009 Petition on the merits. See Garcia, 2011 WL 3664901, report and
17 recommendation adopted, 2011 WL 3667761. Consequently, the instant Petition is
18 second or successive to the 2009 Petition. As Petitioner has not presented any
19 documentation indicating the Ninth Circuit has issued "an order authorizing the
20 district court to consider the application," the Court lacks jurisdiction over the
21 claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## IV.
## **ORDER**

Thus, it is ORDERED that Judgment be entered summarily DENYING the Petition and DISMISSING this action without prejudice.

Dated: 1/27/17

HONORABLE DALE S. FISCHER
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge

5